**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**KENNETH HUNTER,**

    Petitioner,

v.                                  **CIVIL ACTION NO. 2:10-CV-02**
                                       **CRIMINAL ACTION NO. 2:05-CR-49**
                                       **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R [Cr. Doc. 76] on August 23, 2010.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

1

***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). After an extension, the petitioner timely filed his objections on October 18, 2010 [Cr. Doc. 85]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

II.  Factual and Procedural History

At some point before November 8, 2005, the West Virginia State Police ("WVSP") and the Polk County Sheriff's Department, Polk County, Florida, conducted a joint investigation into the distribution of methamphetamine. ([Doc. 47] at 34). Based upon information received from the State of Florida, the WVSP began working with a confidential informant ("CI") residing in Randolph County, West Virginia. (Id. at 34-35). As a result of the investigation and their work with the CI, the WVSP obtained a search warrant for the Winwood Inn Motel in Canaan Valley, Tucker County, West Virginia. (Id. at 35). The WVSP expected to find the petitioner and another individual with methamphetamine and firearms in their possession as part of a distribution scheme. (Id.). Upon executing the search warrant, the WVSP found and seized approximately three and one-half pounds of methamphetamine, one pound of marijuana, personal use methamphetamine and marijuana, and two firearms. (Id. at 36). These items were seized from the assailants' vehicle. (Id.). The petitioner and his co-defendant were arrested based upon the methamphetamine found in the vehicle. (Id.). After further investigation, however, the

2

WVSP began to doubt whether the methamphetamine found in the car actually belonged to the petitioner and his co-defendant; instead, the WVSP began to suspect the CI planted the evidence in the vehicle (Id. at 37). Nevertheless, the WVSP had no doubt that the petitioner and his co-defendant were in West Virginia as part of a methamphetamine scheme to collect money for prior distributions from the State of Florida. (Id.). The collection of money for the prior distributions, not the evidence seized in the vehicle, formed the basis for the petitioner's criminal charges. (Id.).

On December 9, 2005, the petitioner pled guilty to a one-count Information for aiding and abetting in the distribution of more than five hundred (500) grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. ([Doc. 4] at 1-2). On the same day, the petitioner entered his plea in open court. The petitioner advised the Court that he was guilty of Count I. ([Doc. 47] at 33). The petitioner also did not contest the factual basis of the plea. (Id. at 34-37). The petitioner further stated under oath that no one had attempted to force him to plead guilty and that he was pleading guilty of his own free will. (Id. at 39). The petitioner also testified that his plea was not the result of any promises other than those contained in the plea agreement. (Id. at 40). Finally, the petitioner testified that his attorney had adequately represented him and that his attorney had left nothing undone. (Id. at 41). At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily and that the petitioner understood the consequences of pleading guilty. (Id. at 41).

On April 17, 2008, the Court sentenced the petitioner to 210 months imprisonment to be followed by five years of supervised release [Doc. 37]. On April 24, 2008, the

petitioner filed a direct appeal to the United States Court of Appeals for the Fourth Circuit [Doc. 42].  On March 30, 2009, the Fourth Circuit found no error and affirmed the petitioner's sentence [Docs. 53 & 54].

On January 6, 2010, the petitioner filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Cr. Doc. 63]. In particular, the petitioner asserts ineffective assistance of counsel for the following reasons:

> (1) counsel failed to challenge the search warrant that led to the petitioner's arrest based upon the CI's misconduct;
> (2) counsel failed to enforce the plea agreement by demanding that the Government move for a downward departure;
> (3) counsel failed to force the Government to disclose exculpatory evidence;
> (4) counsel inappropriately advised the petitioner to plead guilty knowing he was innocent; and
> (5) counsel failed to file a motion to dismiss the Information based upon the petitioner's innocence.

On February 9, 2010, the Government filed its Response [Cr. Doc. 69], answering the petitioner's claims as follows.  First, the Government argues that the petitioner was not prejudiced by the misconduct of the CI because the misconduct was promptly investigated and disclosed to the petitioner and the Court, and prior to sentencing, the Government submitted a Sentencing Memorandum [Cr. Doc. 39] taking into account the planted evidence.  Second, the Government contends that it properly refused to move for a downward departure based upon substantial assistance because the petitioner failed to provide any assistance in an unrelated murder investigation.  Third, the Government contends that it disclosed all exculpatory evidence.

4

On February 24, 2010, the petitioner filed a Reply [Cr. Doc. 71], reiterating the claims in his petition.

On August 23, 2010, Magistrate Judge Seibert filed his R&R [Cr. Doc. 76], recommending that this Court deny the petition. On October 18, 2010, the petitioner filed Objections [Cr. Doc. 85] to the R&R.

III.   Discussion

In the R&R, the magistrate judge rejected each of the petitioner's claims of ineffective assistance of counsel. The petitioner objects. The Court will now consider each claim to determine whether the petitioner has demonstrated that: (1) counsel's conduct fell below an objective standard of reasonableness and (2) the petitioner was prejudiced by counsel's deficient performance. **Strickland v. Washington**, 466 U.S. 668, 687 (1964). A showing of prejudice requires a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. **Hooper v. Garraghty**, 845 F.2d 471, 475 (4th Cir. 1988).

   1.   **Failure to Challenge Search Warrant**

The petitioner argues that his trial counsel was ineffective for failing to challenge the search warrant leading to his arrest based upon the CI's planting evidence at the scene. The magistrate judge rejected this argument, finding that the petitioner failed to show prejudice. This Court agrees.

First, it is undisputed that the Government promptly investigated and disclosed any misconduct by the CI to the petitioner and to the Court, including in the Government's

sentencing memorandum. Second, the petitioner has failed to demonstrate how the CI's planting of evidence in the vehicle, evidence which was not used as a basis for the charge in the Information, invalidates the search warrant which found the petitioner and his co-defendant collecting payments for prior distributions. As such, the petitioner cannot show that but for counsel's conduct, he would not have pled guilty and would have insisted on going to trial. Therefore, the Court finds that the petitioner has failed to satisfy the prejudice prong of **Strickland**. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### 2. Failure to Enforce Plea Agreement

The petitioner argues that his trial counsel was ineffective for failing to enforce his plea agreement by demanding that the Government move for a downward departure based upon substantial assistance. The magistrate judge rejected this argument, finding that counsel's conduct did not fall below an objective level of reasonableness. This Court agrees.

The petitioner's plea agreement provided for a 5K1.1 departure if the petitioner provided substantial assistant in the investigation of an unrelated murder case. (See [Doc. 4] at 4). Finding that the petitioner failed to provide substantial assistance, the Government decided not to move for a downward departure. That decision was within the sole discretion of the Government and cannot be disturbed unless there was an unconstitutional motive or the refusal was not rationally related to a legitimate government objective. *See* **Wade v. United States**, 504 U.S. 181 (1992). Neither basis has been demonstrated. As such, it cannot be determined objectively unreasonable for counsel not to have demanded

a 5K1.1 motion. Therefore, the Court finds that the petitioner has failed to satisfy the objective reasonableness prong of **Strickland**. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### 3. Failure to Force Government's Disclosure of Exculpatory Evidence

The petitioner argues that his trial counsel was ineffective for failing to ensure that the Government had disclosed all exculpatory evidence. Apparently, the petitioner alleges that the Government failed to properly disclose that the CI planted the drugs and firearms in the vehicle. The magistrate judge rejected this argument, finding that the petitioner failed to show objective unreasonableness or prejudice. This Court agrees.

Again, it cannot be controverted that the Government promptly investigated and disclosed any misconduct by the CI to the petitioner and to the Court, including in the Government's sentencing memorandum. Moreover, the petitioner was not charged with, nor did he plead guilty to, any crime relating to the evidence seized from the vehicle. Instead, the petitioner pled guilty to aiding and abetting the distribution of methamphetamine based upon his collection of payment for prior distributions. For these reasons, the Government cannot be determined to have withheld exculpatory evidence. Therefore, the Court finds that the petitioner has failed to satisfy the two-part test in **Strickland**. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### 4. Advised to Plead Guilty Despite Innocence

The petitioner argues that his trial counsel was ineffective for advising him to plead guilty despite his innocence. Apparently, the petitioner is again referring to his innocence

7

regarding the drugs and firearms seized from the vehicle. The magistrate judge rejected this argument, finding that the petitioner failed to show objective unreasonableness or prejudice. This Court agrees.

Again, no one disputes that the petitioner is innocent in connection with the drugs and firearms seized from the vehicle. In fact, everyone agrees that the CI planted that evidence. More relevantly, the petitioner pled guilty *only* to his involvement in the methamphetamine distribution scheme, i.e, his collection of payment for previous distributions. The petitioner's plea admitted no guilt, however, concerning the drugs and firearms found in the vehicle. Therefore, the Court finds that the petitioner has failed to satisfy the two-part test in ***Strickland***. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### 5. Failure to Move to Dismiss Information

The petitioner argues that his trial counsel was ineffective for failing to move to dismiss the Information based upon his innocence. Apparently, the petitioner is once more referring to his innocence regarding the drugs and firearms seized from the vehicle. The magistrate judge rejected this argument, finding that the petitioner failed to show objective unreasonableness or prejudice. This Court agrees.

Once more, the charge to which the petitioner pled guilty had nothing to do with the drugs and firearms planted by the CI. Instead, the petitioner pled guilty *only* to his involvement in the methamphetamine distribution scheme, i.e, his collection of payment for previous distributions. Therefore, the Court finds that the petitioner has failed to satisfy the two-part test in ***Strickland***. Accordingly, the Court hereby **OVERRULES** the petitioner's

objection.

IV. Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Cr. Doc. 76]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in that report. Further, the plaintiff's Objections **[Cr. Doc. 85]** are **OVERRULED**. Accordingly, the petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Doc. 63]** is hereby **DENIED** for the same reasons as stated above. As such, the same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. Finally, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: March 11, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE